FILED

Fiatte Kang
265 S Western Avenue #74365
Los Angeles, CA 90004
Email: fiattekang@gmail.com

2022 JUN -9  PM 1:48

CLERK U S DISTRICT COURT
CENTRAL DIST OF CALIF.
LOS ANGELES

ECC

UNITED STATES DISTRICT COURT

GENERAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT MYERS,<br><br>         Plaintiff,<br><br>vs.<br><br>FIATTE KANG<br><br>         Defendant | Case No.: 2:22-CV-00737-FLA-PLAx<br><br>MOTION TO DISMISS WITH PREJUDICE:<br>DATE : 7/8/22<br>TIME : 1:30PM<br>COURTROOM : 6B |

TO THE HONORABLE UNITED STATES DISTRICT COURT

JUDGE: FERNANDO L. AENLLE-ROCHA, COME NOW, Defendant FIATTE

KANG, hereby to motion to dismiss Plaintiff's Complaint and Claims for Relief in

the Complaint for failure to state a claim for which relief can be granted, failure to

state a claim with merit, failing to state a claim for relief and failing to claim a

proper mark. Plaintiff has filed a frivolous claim, failed to present sufficient legal

MOTION TO DISMISS: - 1

facts and failed to state the specific remedy the Plaintiff wants. In addition, the mark is registered to Chipsticks LLC, not to the Plaintiff Scott Myers. (Please see Exhibit 1)

The Defendant certifies that pursuant to D.C.Colo. L Civ. R. 7.1 (A), Defendant discussed the ground for this motion and the relief request with Plaintiff on May 27th 2022 and discussed that the claim was objectively unreasonable. Plaintiff opposes the relief requested herein.

Defendant moves to ask the HONORABLE UNITED STATES DISTRICT COURT JUDGE TO DISMISS this claim with prejudice.

Dated this 7th day of June, 2022.

PLATTE KANG

MOTION TO DISMISS: - 2

# FACTS

Plaintiff Scott Myers sells a product called "Chipsticks".

Defendant Fiatte Kang sold a product called Chip-Stick.

The mark "Chipsticks" is registered to Chipsticks LLC, not the Plaintiff Scott Myers. (See Exhibit 1)

The Complaint alleges that Defendant willingly infringed upon Plaintiff's mark.

Defendant states that there is no infringement and never has been any kind of infringement on the Plaintiff's mark whatsoever. Defendant explained this to the Plaintiff in a confer on May 27th 2022 and the question was raised of "why this suit was filed in the first place?", since there was a lot of confusion from the Defendant's side. Plaintiff answered that he was looking for financial compensation, even after the Defendant explained that no infringement took place and that the Defendant complied with every request from the Plaintiff over the past few months in good faith and to the best of her ability.

Plaintiff's claim is objectively unreasonable and appears to be driven by financial

MOTION TO DISMISS: - 3

greed, based on unfair, and deceptive claims. Plaintiffs' claim is solely based on bad faith intentions, rather than facts. Plaintiff was not interested in discussing the lack of subject matter, but went straight on to discuss financial damages. Plaintiff's behavior is unreasonable or without proper cause.

Plaintiff's first move of action was to file a civil suit instead of starting an initial dialogue with the Defendant. Plaintiff never filed a complaint with the TTAB (which would be the logical first step), but rather, went straight for a civil court, again with the intention to gain unfair financial damages.

Defendant pleaded with Plaintiff to not waste the courts' and both our times and resources, but Plaintiff declined to resolve this.

 Here are 3 main reasons why this case is with malicious intent, bad faith and to be dismissed:

1) **There is no infringement of copyright since the 2 marks are distinctively different from one another.** Here are the 2 marks next to each other:

<u>PLAINTIFF</u>                                    <u>DEFENDANT</u>

                    **CHIP-STICK**

MOTION TO DISMISS: - 4

2) **None of the distinctive characters of the Plaintiff's mark were infringed on.** Here is the official description of the Plaintiff's description of the mark as per Plaintiff's USPTO official filing, which can also be found on: https://tmsearch.uspto.gov/bin/showfield?f=doc&state=4805:ixzeig.2.3 or *Exhibit 1.*

"The color(s) black, yellow, and red are claimed as a feature of the mark. The mark consists of the word "CHIPSTICKS" with the "C"'s in the shape of potato chips. Behind the wording is a stylized depiction of black chopsticks that are joined on one side. The "C"'s that are shaped like potato chips are a yellow color with a black outline. The other letters are red with small black outlines in a bubbly type font."

The Defendant's mark does not contain any of the characteristics of the Plaintiff.

Here is a breakdown of the above trademark description:

"The colors black, yellow and red are claimed as feature of the mark": N/A

"The mark consists of the word "CHIPSTICK" with the C's in the shape of potato chips": N/A
Defendant does not use shapes of potatoes. Defendant's mark is spelled CHIP-STICK.

"Behind the wording is a stylized depiction of black chopsticks that are joined on one side": Defendant does not use chopsticks in her mark.

MOTION TO DISMISS: - 5

"The "C"s that are shaped like potato chips are a yellow color with a black outline": Defendant does not use a "C" that is shaped like a potato chip that is yellow.

**3. Plaintiff filed for his mark and this mark became active <u>after</u> Defendant had been using it on her own product.** Defendant did her due diligence and an extensive proper mark search at the time of starting her mark in April 2020 and again in June 2020. At both those times, the Plaintiff had not yet started his trademark process. As a matter of fact, Plaintiff obtained his mark on November 2nd 2021 (please refer to Exhibit 1), just to file a Cease and Desist letter in December 2021.

The Plaintiff's motive to file a Cease and Desist letter was to obtain an easy, unjust and malicious financial gain. His motives have been of malicious intent from the start. The Cease and Desist letter was not designed, nor carried the intention to make the Defendant aware of a possible copyright infringement, which is the most common reason for sending a Cease and Desist letter. In this case, the Plaintiff's Cease and Desist letter was drafted to intentionally look for financial gain. This became clear during the virtual Zoom confer on May 27th 2022, in which the

MOTION TO DISMISS: - 6

Plaintiff mentioned that the Cease and Desist letter specifically mentioned to look for financial damages, even though the Defendant complied with the Cease and Desist letter upon learning of the Plaintiff's existence.

The Defendant mentioned that the claim was uncalled for and that the Defendant never had the intention to infringe on any mark. Defendant did her research on all possible marks and when starting her own mark, the Plaintiff's mark was not yet in use nor had it been filed with the USPTO at that time. Defendant explained this to Plaintiff. However, Plaintiff seemed to only be interested in financial compensation. When asked about this and when the Defendant pointed out that there was no particular financial claim made in the Complaint, Plaintiff answered that he was looking for financial damages in the amount of $260,835. When asked how many units he had sold during his launch of the product, he answered with 43 units. These units are priced from $9.99 to $11.99, which means that he sold products with proceeds ranging anywhere between $429 and $515, yet asking for their so-called "lost damages" in the amount of $260,835. According to the Plaintiff, this is the revenue he lost and could have made in the 6 weeks that both

MOTION TO DISMISS: - 7

marks were on the market. As a reminder, his revenue up to then was anywhere between $429 and $515.

To summarize, Plaintiff received trademark protection on his mark in November 2021 and filed a Cease and Desist letter 6 weeks later at which the Defendant, as sign of goodwill and good faith, respectfully and fully complied with. During those 6 weeks that both marks were on the market, the Plaintiff claims lost earnings of $260,835. His previous revenue was less than $600. He never sold anything close to his claim, Plaintiff claimed that he could have made big sales (hearsay), even though none of his previous sales support this claim nor provide facts that he was heading towards that direction.

Defendant explained that this entire case is a waste of time for both parties and the resources of the court, since the Defendant:

1) Never infringed, nor had the intention to infringe on any mark of the Plaintiff.

2) Plaintiff does not have a mark on the actual word "Chip-Stick".

3) Plaintiff is not the registered owner of the mark CHIPSTICKS.

MOTION TO DISMISS: - 8

4) Defendant complied with the Cease and Desist letter willingly, knowingly, out of good faith, and on time.

5) Defendant did her due diligence to ensure no infringement took place at the time of launching her product.

6) Chipsticks LLC filed its trademark application after the Defendant had already put her product on Amazon.

7) Plaintiff's alleged first use of commerce was on 02-01-2021.

Defendants first use of commerce was on 06-01-2020.

8) Defendant's sales were minimal, less than $10,000, which definitely is nowhere close to what the Plaintiff is looking for compensation nor what the court would consider worth to be a complaint hearing.

9) Plaintiff willingly and intentionally continues to pursue this case with malicious intent to benefit financially, even though he is not entitled to any benefits.

10)    Plaintiff intentionally falsely claims to have missed out on thousands of dollars in sales even though the Plaintiff only had the trademark for about 6

MOTION TO DISMISS: - 9

weeks when he filed the Cease and Desist letter, in turn which the Defendant fully complied to and took her products offline. In other words, Plaintiff claims to have missed out on thousands of sales during the 6 weeks that both marks were available even though his statement during the virtual confer on May 27th was that he made just about 43 sales in his first month before which would total not more than $515.

11)   Plaintiff was not interested in resolving the case in a friendly manner. Plaintiff went straight to discussing how to prepare for discovery and trial. Zero intentions nor interests were made from the Plaintiff to respect the courts time and resources and he has every intention to waste resources on a case that the Plaintiff willingly and knowingly files with malicious intent to gain a quick paycheck from the Defendant.

For clarification and showing good will from the Defendants side, here is the timeline of the trademark filing and the proof that the Defendant had used the name Chip-Stick before the Plaintiff's filing of CHIPSTICKS. However, as mentioned to

MOTION TO DISMISS: - 10

the Plaintiff before, Defendant has the intention to resolve matters as amicably as possible. Even though the Defendant used her mark first, she does not have any interest in contesting the Plaintiff's current mark. CHIPSTICKS LLC can keep its mark, use it and do with it what it pleases. Defendant has complied with the Plaintiffs' request to Cease and Desist her mark and has done so to the best of her ability.

Here below is the timeline of when each product was put up for commerce - 6/1/2020 and the timeline of when the Defendant became aware of the Plaintiff's product and willingly and voluntarily complied with a Cease and Desist request out of good faith.

MOTION TO DISMISS: - 11



TIMELINE OVERVIEW SHORT VERSION

Chipsticks LLC vs Fiatte Kang

We would like to be respectful of the court's time, energy and resources. There is no merit for this case and we hereby respectfully request you to dismiss this case with prejudice.

Sincerely,

Fiatte Kang

MOTION TO DISMISS: - 13

**EXHIBIT 1**

| | |
|---|---|
| **Word Mark** | CHIPSTICKS |
| **Goods and Services** | IC 021. US 002 013 023 029 030 033 040 050. G & S: Training chopsticks. FIRST USE: 20201109. FIRST USE IN COMMERCE: 20210201 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 08.13.25 - Eggroll ; Enchiladas ; Potato chips ; Potato chips ; Rice ; Salt ; Snack foods ; Sugar cubes ; Tortilla chips<br>11.01.25 - Brushes, basting ; Chopsticks ; Churns, butter (manual) ; Cups, measuring ; Fruit juices, non-electric ; Garlic presses (non-electric) ; Graters, cheese ; Holders, kitchen utensil ; ice cub[...]<br>Juicers, non-electric ; Ladles (soup) ; Measuring cups ; Napkin holders ; Other non-electric kitchen utensils, utensil holders ; Pasta makers, non-electric ; Potato peelers ; Racks, kitchen tool ; Scc[...]<br>cream ; Shakers, cocktail ; Sharpeners, knife (non-electric)<br>27.03.05 - Objects forming letters or numerals |
| **Serial Number** | 90308500 |
| **Filing Date** | November 9, 2020 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | June 8, 2021 |
| **Registration Number** | 6549157 |
| **Registration Date** | November 2, 2021 |
| **Owner** | (REGISTRANT) CHIPSTICKS LLC LIMITED LIABILITY COMPANY CALIFORNIA 309 CALLE DE ANDALUCIA REDONDO BEACH CALIFORNIA 90277 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Description of Mark** | The color(s) black, yellow, and red are claimed as a feature of the mark. The mark consists of the word "CHIPSTICKS" with the "C"s in the shape of potato chips. Behind the wording is a stylized [...]<br>of black chopsticks that are joined on one side. The "C"s that are shaped like potato chips are a yellow color with a black outline. The other letters are red with small black outlines in a bubbly typ[...] |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |